UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION (DETROIT)

In re:                                              Chapter 13

Ezroy C. Spencer,                                   Case No. 09-74255

    Debtor.                                         Hon. Phillip J. Shefferly
_____/

Maple Forest Condominium Association,               Adversary Proceeding No. 10-04501-PJS
a/k/a Red Maple Lane Association,

    Plaintiff,

v.

Ezroy C. Spencer,

    Defendant.
_____/

### ORDER DENYING MOTION FOR RECONSIDERATION

On February 8, 2010, the Plaintiff filed a one count complaint seeking a declaratory judgment that certain debts of the Defendant are non-dischargeable in the Defendant's Chapter 13 bankruptcy case under § 523(a)(16) of the Bankruptcy Code. On October 6, 2010, the Court issued an opinion and order denying the Plaintiff's motion for summary judgment and granting in part and denying in part the Defendant's motion for summary judgment. In the opinion, the Court held that the Plaintiff's claim for condominium association dues that became due and payable post-petition constituted a pre-petition claim in the Defendant's Chapter 13 case, and that the Plaintiff was not entitled to a declaratory judgment that such condominium

dues were non-dischargeable in the Defendant's Chapter 13 case under § 523(a)(16), or any other section of the Bankruptcy Code. On October 13, 2010, the Plaintiff filed a motion for reconsideration of the denial of the Plaintiff's motion for summary judgment.

Although styled as a "motion for reconsideration," the Plaintiff's motion does not state that it is brought under Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60(b), nor does it state that it is brought under L.B.R. 9024-1, which governs motions for reconsideration, nor does it state any rule governing such motion. The Plaintiff's motion also does not set forth any criteria for the Court to employ in reviewing the Defendant's motion.

The Plaintiff's motion asserts that the Court "either incorrectly interpreted real property, or the relationship of the assessments to the property in making its decision." In support of that assertion, the Plaintiff apparently construes the Court's holding on the dischargeability of the condominium association dues in the Defendant's Chapter 13 case as somehow "removing a deed covenant" that "runs with the land." The Plaintiff seems to read the Court's opinion and order as finding that any lien or other rights the Plaintiff may have to collect the unpaid condominium association dues from condominium unit 63 have somehow been removed or precluded by the Court's holding. The Court's opinion did no such thing.

The Court's opinion only addressed the Plaintiff's complaint for a declaratory judgment that the Plaintiff's condominium dues are non-dischargeable in the Defendant's Chapter 13 case. The Court's opinion clearly held that Plaintiff is not entitled to a declaratory judgment of non-dischargeability for those dues. But that does not mean that the Court was either asked to address or did address any other rights that the Plaintiff may have to collect its condominium

association dues from condominium unit 63. To the extent that applicable non-bankruptcy law or the Plaintiff's condominium association documents permit the Plaintiff to enforce a claim for condominium association dues against condominium unit 63, or provide that the obligation to pay condominium association dues "runs with the land," such remedies are wholly unaffected by the Court's opinion and order. The Court's holding in the opinion is clear: the Plaintiff is not entitled to a judgment of non-dischargeability of its claim for condominium association dues in the Defendant's Chapter 13 case. That is all. The Court simply did not address any other rights that the Plaintiff may have to collect its association dues, including any right to enforce an in rem claim or other claim against condominium unit 63. Stated another way, if the Defendant obtains a discharge under § 1328(a) of the Bankruptcy Code upon completion of the Defendant's Chapter 13 plan, then such discharge operates under § 524(a)(2) of the Bankruptcy Code as an injunction against the commencement or continuation of an action to collect the condominium association dues *as a personal liability* of the Defendant, but that does not affect the Plaintiff's rights to collect the condominium association dues from condominium unit 63 as an in rem claim, by enforcement of a lien, or otherwise, to the extent permitted under applicable non-bankruptcy law.

Local Bankruptcy Rule 9024-1(a)(3) provides that a motion for reconsideration that merely presents the same issues ruled upon the Court, either expressly or by reasonable implication, will not be granted. Instead, that rule requires that the moving party must demonstrate a palpable defect by which the Court and the parties have been misled, and also show that a different disposition of the case must result from a correction of that defect. The

Plaintiff's motion for reconsideration does not meet that standard. The Plaintiff's motion for reconsideration misinterprets the Court's opinion and order, relies primarily upon arguments already made, and fails to demonstrate any palpable defect by which the Court and the parties were misled. Accordingly,

    **IT IS HEREBY ORDERED** that the Plaintiff's motion for reconsideration is denied.

**Signed on October 25, 2010**

                                               **/s/ Phillip J. Shefferly**
                                               **Phillip J. Shefferly**
                                               **United States Bankruptcy Judge**